COAST LAW CENTER
Jim Q. Tran (SBN 274880)
2677 North Main Street, Ste. 520
Santa Ana, CA 92705
Tel:  714-242-5939
casefilings@coastlawcenter.com

Attorney for Plaintiff
MELVIN ANTHONY

*FILED*

*2014 APR 18  PM 4: 05*

*SAN ANA*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| MELVIN ANTHONY, | CASE NO.   **SACV14-00622 AG (RNBx)** |
| | **COMPLAINT FOR DAMAGES** |
| Plaintiff, | 1-  **WILLFUL VIOLATION OF FAIR CREDIT REPORTING ACT** *15 U.S.C. §1681n et seq.* |
| | 2-  **NEGLIGENT VIOLATION OF FAIR CREDIT REPORTING ACT** *15 U.S.C. §1681o et seq.* |
| vs. | 3-  **VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,** *CALIFORNIA CIVIL CODE §1785 et seq.* |
| | 4-  **VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT,** *15 U.S.C. §1692 et seq.* |
| ASSET ACQUISITION GROUP; and DOES 1-10, inclusive, | 5-  **VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** *CALIFORNIA CIVIL CODE 1788 et seq.* |
| | 6-  **WILLFUL VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT** *47 U.S.C. §227 et seq.* |
| Defendants. | 7-  **NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT** *47 U.S.C. §227 et seq.* |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff MELVIN ANTHONY ("Plaintiff"), by and through his Counsel, asserts this Complaint against ASSET ACQUISITION GROUP, and DOES 1-10 (hereinafter "Defendant") and alleges the following:

### PRELIMINARY STATEMENT

1.     Congress enacted the FCRA in 1970 to establish Consumer's rights to privacy over their Credit and Financial information and to ensure the *"Accuracy and Fairness of Credit Reporting."* 15 U.S.C. § 1681. (Emphasis Added)

2.     The FCRA, under Congressional Findings and Statement of Purpose, 15 U.S.C. § 1681(a)(4) reads in relevant part: "there is a need to insure that Consumer Credit Reporting Agencies exercise their *grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy*." (Emphasis Added)

3.     The FCRA, under Congressional Findings and Statement of Purpose, 15 U.S.C. § 1681(b) reads in relevant part: "It is the purpose of this title to **require** that Consumer Reporting Agencies adopt *reasonable procedures* for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title." (Emphasis Added)

4.     The FCRA regulates credit reporting agencies as well as creditors, collection agencies, and other parties who provide information to Credit Reporting Agencies and/or obtain and use the Consumer Credit Reports.

5.     15 U.S.C. §1681n(a) and §1681o(a), create private rights of actions consumers can initiate against violators of any provision of the FCRA with regards to their credit.  In *DiMezza v. First USA Bank, Inc.,* 103 F. Supp.2d 1296, 1300 (D.N.M. 2000) the court confirmed that *"...the plain language of [15 U.S.C. § 1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute...there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information." DiMezza v. First USA Bank, Inc.,* 103 F. Supp.2d 1296, 1300 (D.N.M. 2000). (Emphasis Added)

6.      The FDCPA was enacted in 1977 in order to regulate the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and that abusive debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State Action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

7.      The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of any violation.  The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the *"least sophisticated"* consumer. *Baker v. G.C. Services Corp.,* 677 F.2d 775, 77(9th Cir. 1982) 8; *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 122, 1227 (9th Cir. 1988). *This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd…the ignorant, the unthinking and the credulous." Clomon v. Jackson 988 F. 2d 1314, 1318-19 (2nd Cir. 1993).* (Emphasis Added)

8.      To prohibit harassment and abuses by debt collectors, the FDCPA at 15 U.S.C. §1692d, further provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6).

9.      The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

10. California Civil Code §1785.11 identifies the lawful reasons that would allow for a credit review on any given consumer. CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code § 1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

11. CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19.

12. California Civil Code §1785.11(a), describes the permissible purpose for which a person may obtain a consumer report. Such permissible purposes as described by the California Civil Code §1785.1(a) is generally, when the consumer makes an application for credit, employment, underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

13. *Sanai v. Saltz, et al.*, (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may re-plead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected Creditors' and Consumer Reporting Agencies' arguments that the FCRA bars state law claims.

14. Telephone Consumer Protection Act (TCPA) was enacted by congress in 1991 to protect the consumers against unlawful means used by solicitors. 47 U.S.C. §227(b) provides that "it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make a call to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call" or "to initiate any telephone call to any residential

4

telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."

## PRIVATE RIGHT OF REMEDY

15.     15 U.S.C. § 1681n and § 1681o refer to a consumer's ability to initiate a civil liability action against users/furnishers of information for willful and negligent noncompliance respectively, with any provisions of the FCRA.

16.     *Gorman v. MBNA America Bank, N.A.* No. 06-17226 further established that consumers are entitled to a private remedy against Furnishers for noncompliance with their obligations enforced under § 1681s-2(b).

17.     California Civil Code §1785.19 states "In addition to any other remedy provided by law, a consumer may bring an action for a civil penalty…"

18.     15 U.S.C. §1692k(a) states that "…any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person"

19.     California Civil Code §1788.30(f) states "Any action under this section may be brought in any appropriate court of competent jurisdiction in an individual capacity only, within one year from the date of the occurrence of the violation."

20.     47 U.S.C. §1527(b)(3) states that "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State."

## JURISDICTION AND VENUE

23.     This court has jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), California Civil Code 1785.33, 28 U.S.C. § 1331; and supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims.

24.     Defendants regularly conduct business in the state of California, therefore establishing personal jurisdiction.

25.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) and 1441(a) because Defendants do business within the State of California and Plaintiff received the illegal phone calls while in San Bernardino County.

26.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

hereby demands a jury trial on any and all issues qualified for a jury trial.

## PARTIES

27.    Plaintiff, MELVIN ANTHONY, is natural person who resides in the State of California, in the City of Fontana, County of San Bernardino.

28.    Defendant ASSET ACQUISITION GROUP ("ACQUISITION") is a Colorado limited liability company with its principal place of business located at 3025 S. Parker Road, Suite 500, Aurora, CO 80014.

29.    Upon information and belief, Defendants John Does 1 through 10 are legal entities, the names and address of residences of which are unknown.

30.    Each Defendant uses the instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  As part of its business in the regular collection of debts, each and every Defendant furnishes information to consumer reporting agencies.

## FACTS COMMON TO ALL COUNTS

31.    Plaintiff is a "Consumer" within the meaning of the FCRA 15 U.S.C. § 1681a(c), the FDCPA 15 U.S.C. § 1692a(3), and the CCRAA California Civil Code 1785.3(b); and a "Debtor" as defined by the RFDCPA California Civil Code 1788.2(h).

32.    Defendant ACQUISITION is a "Debt Collector" within the meaning of the FDCPA 15 U.S.C. § 1692a(6) and the RFDCPA California Civil Code 1788.2;

33.    Defendant ACQUISITION is a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g).

34.    Experian is a "Consumer Reporting Agency" within the meaning of FCRA 15 U.S.C. § 1681a(f), and "consumer credit reporting agencies" within the meaning of the CCRAA California Civil Code §1785.3(d).

35.    Consumer credit report is defined as "Consumer Report" within the FCRA 15 U.S.C. §1681a(d), and "Consumer Credit Report" within the CCRAA California Civil Code

1785.3(c).

36.    Plaintiff obtained his consumer report from Experian consumer reporting agencies, in August 2013 and found inquiries by an entity that he has never transacted any business with.

37.    Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from Defendant, ACQUISITION.

38.    Discovery of Defendant's actions occurred in August, 2013 and are within the statute of limitations as defined in the FCRA (15 U.S.C. § 1681p), the CCRAA (California Civil Code 1785.33), the FDCPA (15 U.S.C. § 1692k(d)), and the RFDCPA (California Civil Code 1788.30(f)) and the TCPA 28 U.S.C. § 1658(a).

39.    In September 2013, Plaintiff sent a letter to Experian Corporation, addressing the unauthorized credit reviews and requesting deletion of the credit inquiries from Plaintiff's credit files, unless Defendant could provide and support a justifiable purpose for conducting the disputed credit reviews.

40.    In September 2013, Plaintiff sent a letter to ACQUISITION and disputed the debt and demanded a VALIDATION OF DEBT, however, defendant never provided a complete validation.

41.    Defendant, ACQUISITION, failed to sufficiently validate the alleged debt, failed to provide any verified evidence of an assignment of an alleged debt, and no original creditor has notified Plaintiff of an assignment of an alleged debt to Defendant, ACQUISITION.

### FIRST CAUSE OF ACTION
**(AS TO DEFENDANT ASSET ACQUISITION GROUP)**
**WILLFUL VIOLATION OF THE FCRA 15 U.S.C. §1681n** *et seq.*

42.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    Defendant, ACQUISITION, obtained Plaintiff's Experian consumer report on May 4, 2012 as evidenced on Page 15 of Plaintiff's Experian Credit Report #2906-4002-55.

7

1       44.    At no time did Plaintiff give his consent for Defendant, ACQUISITION, to

2  acquire his consumer report from any Consumer Reporting Agency.

3       45.    Defendant, ACQUISITION, demonstrated willful and/or knowing

4  noncompliance with the FCRA, 15 U.S.C. § 1681n by obtaining Plaintiff's Experian

5  consumer report on May 4, 2012 with no permissible purpose.

6       46.    Defendant, ACQUISITION, had a duty to properly ascertain if there was any

7  legitimate permissible purpose before obtaining Plaintiff's consumer report and

8  ACQUISITION breached said duty by failing to do so. There was no account that

9  ACQUISITION had any right to collect on, to have had a permissible purpose to obtain

10  Plaintiff's consumer report and therefore Plaintiff is entitled to damages.

11  **SECOND CAUSE OF ACTION**<br>(AS TO DEFENDANT ASSET ACQUISITION GROUP)

12  **NEGLIGENT VIOLATION OF THE FCRA 15 U.S.C. §1681o** *et seq.*

13       47.    Plaintiff incorporates by reference all of the above paragraphs of this

14  Complaint as though fully stated herein.

15       48.    Defendant, ACQUISITION, demonstrated negligent noncompliance with the

16  FCRA, 15 U.S.C. § 1681o by obtaining Plaintiff's Experian consumer report on May 4,

17  2012 with no permissible purpose, as evidenced on Page 15 of Plaintiff's Experian Credit

18  Report #2906-4002-55.

19       49.    Defendant, ACQUISITION, had a duty to properly ascertain if there was any

20  legitimate permissible purpose before obtaining Plaintiff's consumer report and

21  ACQUISITION breached said duty by failing to do so. There was no account that

22  ACQUISITION had any right to collect on, to have had a permissible purpose to obtain

23  Plaintiff's consumer report and therefore Plaintiff is entitled to damages.

24  **THIRD CAUSE OF ACTION**<br>(AS TO DEFENDANT ASSET ACQUISITION GROUP)

25  **VIOLATION OF THE CCRAA CALIFORNIA CIVIL CODE §1785** *et seq.*

26       50.    Defendant, ACQUISITION, demonstrated willful and/or knowing

27  noncompliance with the CCRAA, California Civil Code 1785.11(a), by obtaining

28  Plaintiff's Experian consumer report on May 4, 2012 with no permissible purpose.

51.     Defendant, ACQUISITION, had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and ACQUISITION breached said duty by failing to do so. There was no account that ACQUISITION had any right to collect on, to have had a permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages.

**FOURTH CAUSE OF ACTION**
**(AS TO DEFENDANT ASSET ACQUISITION GROUP)**
**VIOLATION OF THE FDCPA 15 U.S.C. §1692** *et seq.*

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     Plaintiff received several phone calls from the Defendant in an attempt to collect on an alleged debt that Plaintiff allegedly owes.

54.     In committing the acts against Plaintiff as alleged above, Defendants subjected Plaintiff to unfair debt collection practices.  Their violations include at least the following:

a.     Engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff, in violation of 15 U.S.C. §1692d(5);

b.     Falsified the character, amount and legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A)

c.     Failed to provide notice of debts to Plaintiff, complete with all required disclosures, in violation of 15 U.S.C. § 1692e(11)

d.     Collected of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1);

e.     Failed to provide written notices of Plaintiff's right to verification and information about their alleged debts, in violation of 15 U.S.C. §1692g(a)

1   f.   Continued collection activities after receiving notice of dispute, and

2   failed to provide written validation of debt before resuming collection

3   activities, in violation of 15 U.S.C.§1692g(b).

4   **FIFTH CAUSE OF ACTION**
   **(AS TO DEFENDANT ASSET ACQUISITION GROUP)**

5   **VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

6   **CALIFORNIA CIVIL CODE 1788 *et seq.***

7   56.   Plaintiff incorporates by reference all of the above paragraphs of this

8   Complaint as though fully stated herein.

9   57.   By calling Plaintiff, Defendant falsely and deceptively misrepresented that

10   Plaintiff had a debt which constitutes a statutory violation under the *California Civil Code*

11   §1788.17 that states "…Notwithstanding any other provision of this title, every debt

12   collector collecting or attempting to collect *a consumer debt shall comply with the*

13   *provisions of Sections 1692b to 1692j*, inclusive, of, and shall be subject to the remedies in

14   Section 1692k of, Title 15 of the United States Code." (Emphasis Added)

15   58.   In committing the acts against Plaintiff as alleged above, Defendants

16   subjected Plaintiff to unfair debt collection practices. Their violations include at least the

17   following:

18   a) Using false representations and deceptive means to collect or attempt to collect

19   alleged debts, in violation of California Civil Code §1788. 17;

20   b) Using unfair and/or unconscionable means to collect alleged debts, violation

21   of California Civil Code §1788. 17;

22   **SIXTH CAUSE OF ACTION**
   **(AS TO DEFENDANT ASSET ACQUISITION GROUP)**

23   **NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT**

24   **47 U.S.C. § 227 *et seq.***

25   59.   Plaintiff incorporates by reference all of the above paragraphs of this

26   Complaint as though fully stated herein.

27   60.   Defendants contacted Plaintiff multiple times on or before October of 2013.

28

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, TELEPHONE CONSUMER PROTECTION ACT

61.     The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

62.     As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq,

63.     Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future

## SEVENTH CAUSE OF ACTION
### (AS TO DEFENDANT ASSET ACQUISITION GROUP)
## WILLFUL VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et seq.

65.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66.     The foregoing acts and omissions of Defendants constitutes numerous and multiple willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

67.     As a result of Defendants' willful violations of 47 U.S.C. § 227 et seq,

68.     Plaintiff is entitled to an award of $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

69.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future

## PRAYER FOR RELIEF
### (AS TO DEFENDANT ASSET ACQUISITION GROUP)

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor and against each and every Defendant as follows:

a.  Awarding Plaintiff statutory damages of $1,000 for each and every violation, pursuant to the FCRA 15 U.S.C. § 1681n;

b.  Awarding Plaintiff statutory damages of $1,000 for each and every violation, pursuant to the FCRA 15 U.S.C. § 1681o;

c.  Awarding Plaintiff civil penalties of $2,500 for each and every violation, pursuant to the CCRAA California Civil Code 1785.19(a);

d.  Awarding Plaintiff statutory damages of $1,000 for each and every violation, pursuant to the FDCPA 15 U.S.C. §1692k(a)(2);

e.  Awarding Plaintiff civil penalties of $1000 for each and every violation, pursuant to the RFDCPA *California Civil Code* §1788.30(b);

f.  Awarding Plaintiff statutory damages of $500 for each and every violation, pursuant to the TCPA 47 U.S.C. §227(b)(3)(B);

g.  Awarding Plaintiff statutory damages of $1,500 for each and every violation, pursuant to the TCPA 47 U.S.C. §227(b)(3);

h.  Awarding Plaintiff actual damages each and every violation, pursuant to the 15 U.S.C. §1692k(a)(1), 15 U.S.C. §1681n(a)(1), 15 U.S.C. §1681o(a)(1), *California Civil Code* §1788.30(c);

i.  Awarding Plaintiff any attorney's fees and costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3), 15 U.S.C. § 1681o(b), and *California Civil Code* §1788.30(c);

j.  Awarding Plaintiff punitive damages according to poof;

k.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l.  Awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED this 8th day of April, 2014.

Respectfully submitted,

Jim Q. Tran
COAST LAW CENTER
Attorney for Plaintiff

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, TELEPHONE CONSUMER PROTECTION ACT